FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 27 2006

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GREEN PARTY OF ARKANSAS, )
JIM LENDALL, and MARK SWANEY, )
)
    Plaintiffs, )
)
v. )  Civil Action No. 4-06-CV-000758 GH
)
CHARLIE DANIELS, in his official )
capacity as Secretary of State of the )
State of Arkansas, )
)
    Defendant. )

This case assigned to District Judge Howard
and to Magistrate Judge Cavaneau

## COMPLAINT

### Nature of the Case

1. This is an action brought under 42 U.S.C. § 1983 to enforce rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution. The plaintiffs seek declaratory and injunctive relief prohibiting the defendant from failing to qualify the Green Party of Arkansas as a recognized political party. At issue in this case is the discrepancy between the number of signatures (24,171) required to certify a new political party under Ark. Code Ann. § 7-7-205 and the number of signatures (10,000) required to recognize an independent candidate under Ark. Code Ann. § 7-7-103. The Court found this discrepancy to be unconstitutional in *Citizens to Establish a Reform Party v. Priest*, 970 F. Supp. 690, 699 (E.D. Ark. 1996) (Howard, J.), and the plaintiffs seek to enforce that judgment after the Attorney General of the State of Arkansas indicated that he would not comply with it.

## Jurisdiction and Venue

2.  This Court has original jurisdiction over this case pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3) & (4).

3.  This suit is authorized by 42 U.S.C. § 1983.

4.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.  Venue is proper in the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391(b).

## Parties

6.  Plaintiff Green Party of Arkansas (Green Party) is an unincorporated voluntary political association of Arkansas citizens who seek to express their political views through the party's access to the ballot as an officially recognized party in the State of Arkansas.

7.  Plaintiff Jim Lendall is the Green Party's candidate of choice for Governor in 2006.

8.  Plaintiff Mark Swaney is a qualified elector residing in the state of Arkansas. He is a member of the Green Party of Arkansas and wishes to vote for a Green Party candidate in the 2006 General Election and in future elections.

9.  Defendant Charlie Daniels is the Arkansas Secretary of State and is charged by statute with the certification of candidates and political parties. He is sued in his official capacity only.

10. The defendant, both personally and through the conduct of his agents, servants and employees, was and is acting under color of state law at all times relevant to this action.

### Facts

11. In order to present candidates on an Arkansas ballot, a political party must be officially recognized by the state. Ark. Code Ann. § 7-7-101.

12. The Green Party is not currently a recognized political party in the state of Arkansas.

13. Section 7-7-205(a) of the Arkansas Code sets forth the procedure by which an unrecognized party can obtain official recognition by the Secretary of State.

14. Under Section 7-7-205(a), a party seeking recognition must file a petition with the Secretary of State containing the signatures of qualified Arkansas voters equal in number to at least three percent of the total number of votes cast for the office of Governor or presidential electors, whichever is less, at the last preceding election.

15. In 2002, a total of 805,696 votes were cast for Arkansas Governor, three percent of which is 24,171. This is the number of signatures required by the Secretary of State to certify a new political party.

16. The United States District Court for the Eastern District of Arkansas held in *Citizens to Establish a Reform Party*, 970 F. Supp. at 699 (Howard, J.), that the Equal Protection Clause of the Fourteenth Amendment requires a new political party have the opportunity to submit the same finite

number of signatures to qualify as the number (10,000) required of independent candidates seeking ballot access under Section 7-7-103(c)(2) of the Arkansas Code.

17. In *Green Party of Arkansas v. Priest,* 159 F. Supp. 2d 1140, 1142 (E.D. Ark. 2001) (Howard, J.), the court affirmed the finding in *Citizens to Establish a Reform Party* that the disparity in the requirements for independent candidates and political parties is unconstitutional.

18. The Attorney General of the State of Arkansas, Mike Beebe, has stated he is not prepared to enforce 10,000 signatures as the requirement for political party recognition without appellate court review of either *Citizens to Establish a Reform Party* or *Green Party*, since the state legislature has not opted to change the relevant state law. Ark. Op. Atty. Gen. No. 2005-130.

19. On May 30, 2006, the Green Party of Arkansas submitted approximately 18,000 signatures to the Secretary of State in support of its New Political Party Petition.

20. If certified by the Secretary of State, the Green Party petition for recognition would contain more than 10,000 valid signatures – the requirement set forth in *Citizens to Establish a Reform Party,* 970 F. Supp. at 699.

21. The Secretary of State refused to accept the petition for filing claiming it lacked the requisite number of signatures (24,171) pursuant to Ark. Code Ann. § 7-7-205(a)(2).

### Claim One

22.     The State of Arkansas is refusing to comply with this Court's prior judgment on this issue in *Citizens to Establish a Reform Party*, which held that "the finite number of signatures that should be allowed for the creation of a new political party should be the same as the finite number alternative established, by the Arkansas Legislature, for an independent candidate." *Id.*

### Claim Two

23.     Section 7-7-205(a) of the Arkansas Code violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

### Relief

24.     A real and actual controversy exists between the parties.

25.     The plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

26.     The plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1) take original jurisdiction over this case;

(2) enter a declaratory judgment that Ark. Code Ann. § 7-7-205 violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

(3) enjoin the defendant, Charlie Daniels, in his official capacity as Secretary of State, from failing to officially recognize the Green Party of Arkansas;

(4) award the plaintiffs the cost of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(5) award the plaintiffs nominal damages; and,

(6) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of this Court be necessary and proper.

> Respectfully Submitted,
>
> BRYAN SELLS
> Georgia State Bar No. 635562
> American Civil Liberties Union
>  Foundation, Inc.
> 2600 Marquis One Tower
> 245 Peachtree Center Avenue, NE
> Atlanta, GA 30303
> (404) 523-2721
> (404) 653-0331 (fax)
>
> *Holly Dickson*
>
> HOLLY DICKSON
> Arkansas State Bar No. 98137
> American Civil Liberties Union of
>  Arkansas, Inc.
> 904 West Second Street, Suite 1
> Little Rock, AR 72201
> (501) 374-2842
>
> ATTORNEYS FOR THE PLAINTIFFS